**Opinion issued September 13, 2016**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-16-00518-CR

## NO. 01-16-00519-CR

—————————————

**MICHAEL D. BAXLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1476368 and 1484009**

---

## MEMORANDUM OPINION

Appellant, Michael D. Baxley, pursuant to agreements with the State, pleaded

guilty to the felony offenses of aggravated assault—family member[1] in trial court

---

[1]    *See* TEX. PENAL CODE ANN. §22.02(a)(b)(1) (West 2011).

cause number 1476368, and possession with intent to deliver a controlled substance, namely, methamphetamine weighing more than four grams but less than two hundred grams in trial court cause number 1484009.[2] The trial court accepted the plea agreements, found appellant guilty, and assessed his punishment at confinement for fifteen years for the offense of aggravated assault—family member and five years for the offense of possession with intent to deliver a controlled substance, with the sentences to run concurrently. The trial court certified that these are plea-bargained cases and appellant has no right of appeal. In each case, appellant filed a pro se notice of appeal. We dismiss the appeals.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). Here, the trial court's certification in each case is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). In each case, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals,

---

[2]     *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(d) (West 2011).

2

while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).